583 So.2d 1005 (1991)
Diane V. BEDELL, Petitioner,
v.
Robert L. BEDELL, Respondent.
No. 75894.
Supreme Court of Florida.
May 30, 1991.
Rehearing Denied September 3, 1991.
*1006 Marguerite H. Davis and Paul R. Ezatoff of Katz, Kutter, Haigler, Alderman, Davis, Marks and Rutledge, P.A., Tallahassee, and Terry S. Bienstock, P.A., James C. Cunningham, Jr. and Philip J. Kantor of Frates, Bienstock & Sheehe, Miami, for petitioner.
Cynthia L. Greene of the Law Offices of Greene & Marks, P.A., Miami, for respondent.
GRIMES, Justice.
We review Bedell v. Bedell, 561 So.2d 1179 (Fla. 3d DCA 1989), because of its conflict with England v. England, 520 So.2d 699 (Fla. 4th DCA 1988), and Lenton v. Lenton, 370 So.2d 30 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980). Our jurisdiction is predicated upon article V, section 3(b)(3), Florida Constitution.
The parties were married in 1962. They lived with the wife's mother while the husband attended medical school, and the mother helped pay their living expenses. The wife did not work outside the home. Following a four-year separation, the marriage was dissolved on July 28, 1975. At the time of the divorce, the husband had just opened his first medical office. Under the terms of the final judgment, which incorporated a settlement agreement, the wife, who was then thirty-three years old, received the following: (1) $415 a month in permanent alimony; (2) custody of the parties' two minor children and $250 a month in child support for each of them; (3) a one-half interest in the townhouse owned by the husband; and (4) the husband's agreement to pay for the children's college educations. In 1977 the wife relinquished custody of the two children to the husband, and they resided with the husband during the remainder of their minority. During that time, the husband did not make child support payments to the wife.
On July 12, 1986, the wife filed a petition for modification in which she sought an increase in her alimony.[1] The husband filed a counterpetition for modification in which he sought the termination of all alimony. The trial court granted the husband's motion for a protective order against discovery of the husband's present financial condition because of the husband's acknowledgment that he had sufficient financial ability to discharge any reasonable order with respect to alimony.[2] Following a nonjury trial, the trial court denied all relief sought by both parties.
The Third District Court of Appeal rejected the wife's contention that under section 61.14(1), Florida Statutes (1985), she was entitled to an increase in alimony as a matter of law because of the husband's stipulated substantial increase in his financial ability. The court held that a substantial postdivorce increase in the needs of the recipient spouse is a prerequisite to obtaining an upward modification in alimony and that a substantial increase in the paying spouse's financial resources cannot, in itself, justify an increase in alimony. The court recognized as an exception to this principle "the relatively rare case where the recipient spouse's needs, as established by the standard of living maintained during the marriage, were not, and could not be, initially met by the original final judgment of marriage dissolution due to the then-existing financial inability of the paying spouse to meet those needs, which needs continue to remain unmet at the time modification *1007 is sought." Bedell, 561 So.2d at 1182. Applying this rationale to the facts, the district court of appeal affirmed the order of denial.
Section 61.14(1), Florida Statutes (1985), provides that when there has been an order to pay alimony in connection with a dissolution of marriage "and the circumstances or the financial ability of either party has changed" since "the rendition of the order, either party may apply to the circuit court ... for a judgment decreasing or increasing the amount of ... alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties ... decreasing, increasing, or confirming the amount of ... alimony provided for in the ... order." While acknowledging that the statute authorizes the recipient of an alimony award to apply for an increase whenever there is a change in the financial ability of either party, the court below observed that the circuit court is not required by the statute to grant such a motion. The court reasoned that the recipient's need was controlling and that to hold otherwise would grant the recipient a continuing interest in the former spouse's good fortune. There are several other decisions that support this rationale. Irwin v. Irwin, 539 So.2d 1177 (Fla. 5th DCA 1989); Bess v. Bess, 471 So.2d 1342 (Fla. 3d DCA), dismissed, 476 So.2d 672 (Fla. 1985), review denied, 482 So.2d 347 (Fla. 1986); Frantz v. Frantz, 453 So.2d 429 (Fla. 3d DCA), review denied, 459 So.2d 1040 (Fla. 1984); Powell v. Powell, 386 So.2d 1214 (Fla. 3d DCA 1980).
On the other hand, at least two courts have held that in order to succeed in a motion to increase an alimony award, it is only necessary for a petitioner to prove either an increase in need or the ability to pay. England; Lenton. Moreover, in a case in which the former wife had sought an increase based upon a change in the circumstances of both parties, this Court suggested that the former wife could have filed a "petition for increase in alimony on the basis of the change in [the former husband's] financial condition." McArthur v. McArthur, 95 So.2d 521, 524 (Fla. 1957).
At first blush, it appears that the two lines of authority are irreconcilable. However, a careful analysis of the wording of section 61.14 leads us to believe that the solution lies between the two positions. The statute gives an ex-spouse the right to file a petition for an increase in alimony where "the circumstances or the financial ability of either party has changed." § 61.14(1), Fla. Stat. (1985) (emphasis added). This would, indeed, be a hollow right if the law were then to require the petitioner to prove more than it was necessary to allege. Thus, we conclude that proof of a substantial change in the financial ability of a paying spouse may, by itself, properly support an order for an increase in alimony. On the other hand, the statute further provides that "the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties." Id. We construe this reference to equitable jurisdiction to mean that the court is not required to grant an increase in alimony simply upon proof of a substantial increase in the financial ability of the paying spouse if equity does not dictate that such a change should be ordered. In fact, we would expect that a raise in alimony would be ordered when no increased need was shown only in extraordinary cases where the equitable considerations were particularly compelling.
Thus, we hold that a substantial increase in the financial ability of the paying spouse, standing alone, may justify but does not require an order of increased alimony. Subject to the abuse of discretion principle set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the final decision rests with the circuit court. The Second District Court of Appeal appears to have reached a similar conclusion in Schlesinger v. Emmons, 566 So.2d 583 (Fla. 2d DCA 1990).
Turning to the facts of the instant case, we are constrained to conclude that the wife was entitled to an increase in alimony. We would reach this conclusion even under the rationale of the Third District *1008 Court of Appeal because the wife clearly demonstrated an increased need. The original $415 alimony award was set in the exact amount necessary to cover the mortgage and maintenance payments on the townhouse in which the wife continues to reside. These monthly payments have now increased to $496. The wife testified that the original alimony award was adequate only because she was also receiving $500 a month in child support, a sum which she no longer receives. She testified that because the cost of living had gone up since the divorce, her standard of living had gone down. Her major appliances, such as the dishwasher, the trash compactor, and the dryer, need to be replaced because the original items are now over fifteen years old. The carpet in the townhouse is worn out and the plumbing is in need of repair. She puts bed sheets over the windows at night because of the absence of drapes. She does not use the air conditioner because she cannot afford the high electric bills. She needs more money for food and clothing. She drives a 1982 automobile that keeps breaking down. An economist testified that by 1986, inflation had caused prices to increase by more than 100% since the marriage was dissolved in 1975. He said that as of December 1986, it took at least $844 to purchase goods costing $415 in 1975. It cannot reasonably be said that the needs of the wife have not substantially increased since 1975. When coupled with the husband's ability to pay, the failure to award the wife an increase in alimony was an abuse of discretion.
A study of the trial court's order suggests that one of the reasons for the denial of the increase in alimony was the circuit judge's concern that the wife had not done much to support herself after the children left her custody. There is no doubt that the wife has had a spasmodic employment record since the dissolution. On the other hand, her only expertise appears to be in art and calligraphy, and her efforts to achieve success in this area have been financially unrewarding. Furthermore, the amount of the alimony awarded to the wife in 1975 was permanent rather than rehabilitative and was not predicated upon the wife's working outside the home. We do not suggest that the court could not take into consideration the extent to which the wife has sought gainful employment. However, in the face of the substantial changes in need and the ability to pay, this cannot justify the total denial of any increase in alimony. We reject the husband's contention that the wife does not really need more alimony because her mother is assisting in her support. For the purpose of demonstrating need in dissolution or modification proceedings, the fact that one of the parties is surviving through the largess of her family is legally irrelevant.
We approve that portion of the decision that denied the requested payment for the son's college expenses, but we quash the decision with respect to the claim for more alimony. We remand for further proceedings in the trial court to determine the extent to which the wife's alimony should be increased.
It is so ordered.
BARKETT, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in result only with an opinion, in which OVERTON, J., concurs.
SHAW, C.J., concurs in result only.
McDONALD, Justice, concurring in result only.
I cannot accept the concept that proof of a substantial change in the financial ability of a paying spouse, standing alone, properly supports an order for an increase in alimony. I believe it must be coupled with a showing of increased need or that the needs were not met at the time of the dissolution for reasons that have now changed. I support the strong dissent of Judge Barkdull in Sherman v. Sherman, 279 So.2d 887 (Fla. 3d DCA), cert. dismissed, 282 So.2d 877 (Fla. 1973), which is now the view of the third district court of appeal.
I believe the district court in this case properly stated the law, but improperly applied *1009 the facts. Mrs. Bedell demonstrated both a substantial change in ability to pay and a substantial change in need. I therefore concur in result only.
OVERTON, J., concurs.
NOTES
[1] The wife also sought to obtain the expenses for the older son's first year in college. The rejection of this claim was supported by the evidence, and because that aspect of the case is not relevant to our opinion, it will not be further discussed.
[2] By virtue of the wording of this concession, the husband was able to prevent the wife from discovering his current financial status, while at the same time preserving his right to appeal from an order which he deemed unreasonable. However, because this issue was not raised, we do not pass on the propriety of this or any concession which enables a spouse to preclude an inquiry into his or her actual financial circumstances.