DAVIS, Judge.
Nancy A. Shafer (the former wife) appeals the trial court’s denial of her petition for an upward modification of permanent periodic alimony. We affirm.
In her petition, the former wife alleged a substantial change of her needs including increased dental care, additional optical needs, and unanticipated counseling needs. Additionally, she alleged that the former husband’s income had significantly increased. Finally, she alleged that the trial court based the original alimony award on the theory that she would be able to increase her earning capacity, but she had been unable to do so in the two years following the dissolution of marriage.
After hearing the testimony, the trial court concluded that there had been no substantial and material change in the wife’s needs. Further, the court found that the original alimony award was not based on the wife’s ability to increase her income, but rather on her being employed at “maximum capacity” at the time of the final judgment. Finally, the trial court ruled “that the former husband’s increased income alone is insufficient to modify alimony in this case.” (Emphasis in original.)
The findings made by the trial court are matters within its judicial discretion and will not be reversed unless it affirmatively appears that the trial judge abused his discretion. See Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). After reviewing the record, we cannot say that the trial court abused its discretion. Accordingly, we affirm each of the findings, however, we write to clarify the issue of the former husband’s increased income.
In Bedell v. Bedell, 583 So.2d 1005 (Fla.1991), the Florida Supreme Court ruled that a significant increase in the financial ability of the paying spouse, standing alone, may justify an increase in the award of alimony, but does not require it. The trial court may make such modifications as the equities require. See 583 So.2d at 1007.
In this case, the wife demonstrated a significant increase in the former hus *1091 band’s income.[1] However, the trial court found that the wife did not show any significant increase in her needs. After explaining that an increase in income could justify a modification of an alimony award, the Bedell court concluded: “In fact, we would expect that a raise in alimony would be ordered when no increased need was shown only in extraordinary cases where equitable considerations were particularly compelling.” Id. at 1007. We cannot say that the trial court abused its discretion in impliedly finding that no such extraordinary circumstances were shown.
Affirmed.
BLUE, A.C.J., and WHATLEY, J., concur.

. The record shows an approximate eighty percent increase in the former husband’s income.