921 So.2d 822 (2006)
Kathryn R. CHAMBLISS, Appellant/Cross-Appellee,
v.
R. Flake CHAMBLISS, Appellee/Cross-Appellant.
No. 2D04-4802.
District Court of Appeal of Florida, Second District.
March 3, 2006.
Sharon Lee Stedman, Orlando, for Appellant/Cross-Appellee.
Catherine M. Catlin of Catherine M. Catlin, P.A., Tampa, for Appellee/Cross-Appellant.
FULMER, Chief Judge.
The former wife appeals a post dissolution order granting the former husband's petition for modification of the final judgment of dissolution of marriage. Because *823 the former husband did not show a substantial change in circumstances, the trial court erred in entering the modification.
The parties were married for twenty-six years. In 1987, the parties entered into a marital settlement agreement, which the trial court ratified in the 1988 final judgment of dissolution of marriage. The agreement contained provisions for alimony for the wife and division of property. The husband agreed to pay directly to the wife as permanent periodic alimony the sum of $3000 per month commencing the 1st day of October 1987 and continuing until the wife's remarriage or the death of either party. The agreement also provided for an increase in the alimony beginning January 1, 1988, and each year thereafter based on the Consumer Price Index. The purpose of the increase was "to maintain for Wife the same buying power in dollars in years subsequent to 1986 as existed in January of 1986." The husband also agreed that he would maintain hospitalization and major medical insurance comparable to the insurance then in force for the benefit of the wife and continue to do so as long as the wife was receiving support pursuant to the agreement. He also agreed to pay all reasonable and necessary medical and dental expenses for the wife to the extent that such expense is not paid by insurance and exceeds the sum of $1000 per year. Further, he agreed to maintain life insurance as security for his alimony obligation.
In 2002, the former husband petitioned the trial court for a modification of the final judgment seeking to terminate or substantially reduce the alimony obligation and to eliminate the requirements that he maintain health insurance for the former wife, that he pay her uncovered medical expenses that exceed $1000 per year, and that he maintain life insurance as security for his alimony obligation. The petition alleged, in pertinent part, that substantial changes in circumstances had occurred since entry of the final judgment, as follows: (1) the former wife had obtained her master's degree in nursing; (2) the former wife's income had substantially increased to a current salary of $83,000 per year; and (3) the former wife had available to her, through her employment, health and medical insurance.[1]
At the final hearing, it was shown that in 1987 the husband's income from his veterinary practice was $120,698. The wife, who had been a stay-at-home wife and mother throughout most of the marriage, had obtained a bachelor's degree by the time of the dissolution and had earned $30,000 in 1987 working as a registered nurse and office manager. Both parties contemplated that the former wife would continue to work after the dissolution, and the husband was aware in 1987 that the wife intended to pursue a master's degree in nursing.
The former husband testified at the hearing that his standard of living had stayed about the same from 1987 to the present time. He had the ability to pay the alimony in the amount originally agreed upon.[2] Based on the cost of living adjustments, the alimony obligation under the agreement was $4611 per month in 2002, $4700 per month in 2003, and $4858 per month in 2004. The former wife testified that she was employed by the federal *824 government as a nurse practitioner and was earning $90,513 per year in 2004.
In September 2004 the trial court entered its order granting in part and denying in part the former husband's petition.[3] The court ruled that there was a presumption that the amount of the initial alimony award of $3000 per month, when combined with the former wife's earnings in 1987, was sufficient to meet the marital standard of living. Finding that the former husband had proven a substantial, permanent, and unanticipated change in circumstances, the court modified the final judgment to provide that the former husband's alimony obligation effective April 1, 2002, shall be $1200 per month, and the court terminated the annual cost of living adjustments. The court also capped at $3000 per year the former husband's obligation to pay the former wife's uncovered medical expenses. The court found that the retroactive reduction in alimony resulted in an overpayment to the former wife in the amount of $105,626. Noting that the former wife had over $45,000 in attorneys' fees, the court ruled that each party would be responsible for his or her own attorneys' fees and that the former husband would not recover any of the excess alimony payments.
On appeal, the former wife asserts that the marital settlement agreement was an agreement to settle property rights and, therefore, was not subject to modification. See, e.g., Rubio v. Rubio, 347 So.2d 1093 (Fla. 2d DCA 1977). In the alternative, she argues that the former husband failed to meet his burden of showing a substantial change in circumstances. We reject the former wife's characterization of the settlement agreement as a true or pure property settlement agreement, and thus we conclude that the alimony provision was subject to modification. But we agree that the modification was improper here because there was an insufficient showing to justify the trial court's finding of a substantial change in circumstances.
To justify a modification of an alimony award, the burden is on the petitioner to prove a substantial change in circumstances that was not contemplated at the time of the final judgment and that is sufficient, material, permanent, and involuntary. Yangco v. Yangco, 901 So.2d 217, 219 (Fla. 2d DCA 2005). "Where the alimony obligation is based on an agreement, a heavier burden is on the applicant to establish the change as sufficient." Johnson v. Johnson, 386 So.2d 14, 16 (Fla. 5th DCA 1980).
The former husband's standard of living had not declined since entry of the final judgment. His petition for modification was based on the assertion that the former wife's standard of living had increased. The evidence showed that the former wife had furthered her education and was earning $60,000 more per year than she earned in 1987. This change in the former wife's circumstances was contemplated at the time the final judgment was entered, and it does not justify the trial court's modification of the final judgment. See Yangco, 901 So.2d 217, 221 (concluding that although former wife's income increased from $75 per month to $1715 per month, the increase was not an unanticipated change that would support a decrease in alimony); Johnson, 386 So.2d at 17 ("The divorced wife of a long term marriage ... *825 should not be faced with the prospect of losing her right to alimony if she becomes better educated, or if she earns a modest income as in this case.").
We, therefore, reverse the trial court's order and remand for the trial court to enter an order denying the former husband's petition for modification and awarding the former wife reasonable attorneys' fees. Our reversal renders moot the issue raised in the former husband's cross-appeal.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] The petition alleged as an additional ground that the former wife was cohabiting with a person not her spouse; however, the former husband withdrew this ground prior to the hearing.
[2] The former husband's earned income was approximately $315,000 in 2001. In 2002, the former husband and his present wife had a total combined income of $278,467.
[3] The court denied the former husband's request to reduce the amount of life insurance he was required to maintain as security for his alimony obligation and found that the former husband had withdrawn his request to eliminate the requirement that he maintain health insurance for the former wife.