NORTHCUTT, Judge.
 

 The sixteen-year marriage of Edward and Ruth Kamenski was dissolved in July 2004. The final judgment required Mr. Kamenski to pay permanent periodic alimony of $1000 per month. In July 2007, he petitioned to modify the final judgment, seeking a reduction in his alimony obligation based on Ms. Kamenski’s increased income.
 
 [1]
 
 The circuit court denied the request, and Mr. Kamenski challenges that decision in this appeal. We reverse and remand for further proceedings.
 

 When the marriage was dissolved, Ms. Kamenski was working as an administrative assistant at a property management firm, earning approximately $17,500 per year. The final judgment stated that “[t]he wife’s position and income represents her accurate wage earning capacity.” Mr. Kamenski’s yearly income at the time of dissolution was approximately $54,000.
 

 At the hearing on the modification petition, the evidence established that Mr. Ka-menski’s income had decreased slightly to $50,000 per year, while Ms. Kamenski’s income had increased dramatically to $41,000 per year. She was still employed in the property management industry, but she had obtained a license as a property
 
 *843
 
 manager and no longer worked as an administrative assistant.
 

 To warrant a modification of alimony, the party seeking the change must prove “(1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (3) that the change is sufficient, material, permanent, and involuntary.”
 
 Rahn v. Rahn,
 
 768 So.2d 1102, 1105 (Fla. 2d DCA 2000). In this case, the circuit court determined that Ms. Kamenski’s circumstances were neither changed nor un-contemplated. Its order stated:
 

 [T]he Former Wife has done nothing more than continue to advance within her line of work. She is still employed in the same occupation as she was at the time of the Final Judgment. It was fully anticipated and known that she was likely to experience some upward adjustment in her income.
 

 Although it is true that Ms. Ka-menski still works in the same general field, property management, the evidence contradicted the court’s finding that she is employed in the same occupation. At the time of dissolution she was an administrative assistant doing clerical work; now she is a licensed property manager earning well over twice her previous income.
 
 Cf. Rahn,
 
 768 So.2d at 1106 (finding that wife’s yearly salary increases in the teaching profession did not warrant a modification of alimony);
 
 Long v. Long,
 
 622 So.2d 622, 623 (Fla. 2d DCA 1993) (noting that an increase in income because of cost-of-living and merit raises could have been anticipated at the time of dissolution).
 

 Moreover, neither the evidence presented nor the final judgment itself established that the parties contemplated that Ms. Ka-menski would experience an income increase of that magnitude. To the contrary, the judgment found that her $17,500 income as an administrative assistant “rep-resentad] her accurate wage earning capacity.”
 
 Cf. Yangco v. Yangco,
 
 901 So.2d 217, 221 (Fla. 2d DCA 2005) (holding when the final judgment contemplated that wife’s earnings would increase from approximately $900 per year to approximately $25,000 over the course of five years, wife’s new annual salary of approximately $26,000 did not support a decrease in alimony because the change in income was not unanticipated);
 
 Chambliss v. Chambliss,
 
 921 So.2d 822, 823-24 (Fla. 2d DCA 2006) (stating that wife’s advancement in the nursing profession was contemplated at the time of dissolution and thus her increased earnings after obtaining a master’s degree did not warrant a downward modification of alimony).
 

 The circuit court's findings simply were not supported by competent substantial evidence. Accordingly, we reverse the order denying Mr. Kamenski’s petition to modify the final judgment and remand for further proceedings. On remand, the court may take additional evidence, and it should consider all the factors discussed in
 
 Rahn.
 
 We offer no opinion on the question of whether a modification, if granted, should be retroactive. The court may revisit its decision concerning that issue on remand.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and BAUMANN, HERBERT, JR., Associate Judge, Concur.
 

 [1]
 

 . Mr. Kamenski apparently also filed a petition to modify the final judgment in March 2006, seeking a reduction in his alimony based on the fact that he was on disability because of an accident. He has not included that motion in the record on appeal.