CRENSHAW, Judge,
Dissenting.
I respectfully dissent and would reverse the order under review because the trial court failed to apply the correct legal standard in granting the Former Husband’s petition for modification of alimony. “[A]n abuse of discretion standard is not appropriate where the trial judge fails to apply the correct legal standard.... ” Nichols v. Nichols, 907 So.2d 620, 622 (Fla. 4th DCA 2005). “Where a trial judge fails to apply the correct legal rule ... the action is erroneous as a matter of law. This is not an abuse of discretion. The appellate *883 court in reviewing such a situation is correcting an erroneous application of a known rule of law.” Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980) (emphasis added). Because I do not find the trial court’s order sufficient to support a permanent modification of alimony, I would reverse.
To justify a modification of alimony, the Former Husband was required to prove the following: (1) a substantial change in circumstances; (2) the change was not contemplated at the time of the final judgment of dissolution; and (3) the change is sufficient, material, permanent, and involuntary. Chambliss v. Chambliss, 921 So.2d 822, 824 (Fla. 2d DCA 2006). Here, in its order modifying alimony, the trial court failed to apply the third standard. There is no dispute that a substantial change in circumstances occurred that was not contemplated at the-time of the final judgment of dissolution. However, the trial court made no finding that the Former Husband’s substantial change in circumstances was permanent and involuntary. Instead, the trial court concluded the following:
The Court finds that the evidence demonstrates that [the Former Husband] made a prudent decision to sell his veterinarian practice. If he continued to operate the practice himself, he risked damaging his health and a sudden decline in his income if he became unable to work. This would have been detrimental to both parties. The evidence presented establishes that obtaining associates for a veterinarian practice has been very difficult for VCA as well as for [the Former Husband]. Although [the Former Husband] now has less income from working in his practice, he now has substantial investment income and a more stable and secure future. The 20 mile radius for the non-compete clause allows [the Former Husband] to continue to practice at another clinic in the SW Florida area until retirement age, or to continue on a contract basis with VCA at his former clinic.
(Emphasis added.) Here, the trial court’s finding that the Former Husband made a “prudent decision,” coupled with the trial court’s speculation over what “would have been” had the Former Husband continued to operate his practice, does not constitute a finding that the Former Husband’s change in circumstances was permanent and involuntary. In fact, the trial court’s reference to the Former Husband’s two-year noncompete agreement with VCA negates a finding that the change in circumstances is permanent because once the Former Husband fulfills his two-year commitment to VCA, he is free to become employed elsewhere or renegotiate a contract with VCA for more favorable terms.
Based upon the prerequisites required for a modification of alimony, I conclude the Former Husband’s substantial change in circumstances was neither permanent nor involuntary. I do not agree with the majority’s conclusion that the sale of the Former Husband’s practice was involuntary, yet voluntary “in the abstract.” In fact, the Former Husband’s testimony at the hearing demonstrates that the sale of his practice and resulting decrease in income were wholly and completely voluntary:
[Former Wife’s counsel]: No one forced you into this sale, correct?
[Former Husband]: No.
[Former Wife’s counsel]: You were in good health at the time?
[Former Husband]: Yes.
[Former Wife’s counsel]: And you still remain in good health?
[Former Husband]: Yes.
[Former Wife’s counsel]: And the primary reason for your sale was you *884 didn’t want to work as hard as you had been working?
[Former Husband]: Correct.
[Former Wife’s counsel]: Now, you entered into an agreement with VCA for two years?
[Former Husband]: To work [forty] hours a week, yes.
[Former Wife’s counsel]: And you have an option to renew that contract after the two years?
[Former Husband]: Yes.
Despite the trial court’s finding that the Former Husband made a “prudent decision” to sell his practice, and the majority’s position that the Former Husband was compelled to seek an alternative to what had become a grinding practice model, the Former Husband’s testimony demonstrates that he negotiated the terms of the sale and exercised the option to voluntarily sell his practice to VCA.
The trial court did not address the Former Husband’s change in circumstances as permanent and involuntary and therefore failed to apply the appropriate legal standards. Accordingly, I would reverse the order modifying the Former Husband’s alimony.