CORTINAS, J.
Appellant/cross-appellee Florence Sil-verman (Wife) and Appellee/cross-appel-lant Sydney Silverman (Husband) both seek review of an order which upwardly modified Wife’s alimony, award by $1,700 per month. We reverse.
The parties were married in 1967, and the marriage was dissolved in 1990. In the marital settlement agreement (MSA), Husband agreed to pay $7,700 per month in combined alimony and child support. As the children reached the age of majority, the amount of permanent periodic alimony was reduced, ultimately reaching $6,100 per month. Under the terms of the MSA, Husband conveyed the marital home with all its contents to Wife, and maintained Wife as the beneficiary on a $500,000 life insurance policy at his expense. Husband agreed to provide medical insurance for the children, and to pay for their education. Since 1990, Husband has never failed to honor his obligations under the MSA, and has in fact frequently paid additional amounts to Wife to cover various expenses.
*976 In 2009, Wife filed a supplemental petition for upward modification of permanent alimony, arguing that her reasonable expenses were no longer being met due to an increase in the cost of living. In his response, Husband allowed that his ability to pay had increased since the execution of the MSA, but denied that there had been a substantial change in circumstances warranting an upward modification of alimony. After a two-day trial, the court determined that the increased cost of living did justify an adjustment, but that Wife had misrepresented the marital lifestyle in her petition and testimony. The trial court increased the alimony payments from $6,100 to $10,200 per month, based on undisputed evidence concerning the Consumer Price Index and the ruling of the Florida Supreme Court that the increased cost of living over time can constitute a substantial change in circumstances. Bedell v. Bedell, 583 So.2d 1005, 1008 (Fla.1991).
Both parties submitted motions for rehearing. Wife argued that the trial court had not utilized the proper standard, and erred in not modifying the alimony enough to restore her to the lifestyle enjoyed during the marriage. Husband argued that no upward modification should be granted, as the trial court had misconstrued both the economic evidence introduced and the meaning of Bedell. The trial court granted Husband’s motion, and after hearing arguments from both parties, re-set the alimony payment from $10,200 per month to $7,800, an increase in $1,700 per month over the original amount. This appeal followed.
Wife argues that the modification awarded by the trial court did not restore her to the lifestyle she enjoyed during the marriage. Her expert witness established, in uncontroverted testimony, that according to the Consumer Price Index, the $6,100 she was granted in 1990 under the MSA would be equal to $10,187 today. The Florida Supreme Court has held that permanent periodic alimony must “provide the needs and necessities of life to a former spouse as they have been established by the marriage.” Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). This Court has held that “[a] divorced spouse is entitled to live in a style reasonably commensurate with the standard established by the parties during the course of a long-term marriage.” Waldman v. Waldman, 520 So.2d 87, 89 (Fla. 3d DCA 1988) (receded from by Acker v. Acker, 821 So.2d 1088 (Fla. 3d DCA 2002)) (limitation of holding recognized by Fla. Bar v. Barrett, 897 So.2d 1269 (Fla.2005)). Having recognized the impact of the cost of living as articulated in Bedell, argues Wife, it was error for the trial court to adjust the monthly payment to a sum closer to her current monthly expenses of $9,259 than to the $10,187 established by the Consumer Price Index.
The standard governing a modification of alimony is only relevant after there has been a showing that such a modification is warranted in the first place. No such showing has been made in this case. To obtain a modification, Wife must have demonstrated a substantial change in circumstances that had not been contemplated at the time of the dissolution which is sufficient, material, permanent, and involuntary. See, e.g., Morrison v. Morrison, 60 So.3d 410 (Fla. 2d DCA 2011); Eisemann v. Eisemann, 5 So.3d 760 (Fla. 2d DCA 2009); Chambliss v. Chambliss, 921 So.2d 822 (Fla. 2d DCA 2006). While the trial court was correct that Bedell does allow that the increased cost of living over time can qualify as a “change in circumstances,” the reduction in the purchasing power of the dollar is insufficient grounds, on its own, to support a modification. See Greene v. Greene, 372 So.2d 189 (Fla. 3d DCA 1979); Hillier v. Iglesias, 901 So.2d 947, 948 (Fla. 4th DCA 2005). Rather, “there must be a showing that the national *977 problem of inflation impacts specifically on the individual claiming inflation as the basis for modification.” Waldman, 520 So.2d at 89. In Waldman, this Court was faced with facts quite similar to the instant case. An upward modification was reversed expressly because there was “a marked absence of the required showing of a real change in the circumstances of a party as opposed to an abstract and largely irrelevant change in the economy as a whole.” Id. As in the instant case, “[t]he trial court ... merely recited the increase in the Consumer Price Index and concluded that Mrs. Waldman’s standard of living had been reduced thereby.” Id. While Wife did offer testimony concerning the impact of inflation on her lifestyle, her account of the marital lifestyle was vigorously contested by Husband, and found to be “embellished” by the trial court. There was consequently no basis to award a modification.
Furthermore, Wife’s reliance on Bedell is misplaced. Although Bedell did consider the increased costs of living borne by a recipient spouse, the circumstances in Bedell nowhere resemble the facts of the instant case:
[The former wife] testified that because the cost of living had gone up since the divorce, her standard of living had gone down. Her major appliances, such as the dishwasher, the trash compactor, and the dryer, need to be replaced because the original items are now over fifteen years old. The carpet in the townhouse is worn out and the plumbing is in need of repair. She puts bed sheets over the windows at night because of the absence of drapes. She does not use the air conditioner because she cannot afford the high electric bills. She needs more money for food and clothing. She drives a [nine-year-old] 1982 automobile that keeps breaking down.
Bedell, 588 So.2d at 1008. These factors, together with the increased ability to pay of the payor spouse, led the Florida Supreme Court to rule that “the failure to award the wife an increase in alimony [from $415 to $496 per month] was an abuse of discretion.” Id. By contrast, the needs alleged by Wife in the instant case, according to her own brief, include “a copious clothing allowance, four trips annually to an exclusive golf resort, numerous holidays and travels to Europe, California, Las Vegas, Bahamas, New York, cruises, ultra chic shopping, bi-annual new Cadillac automobiles, live-in maid service, in-house weekly massages, health club memberships, manicures, pedicures, and extravagant entertainment.” Bedell allows for a modification of an alimony award when the increased cost of living has left the recipient spouse in dire circumstances; it does not stand for the proposition that an adjustment is warranted due to the loss of live-in maid service.
The order of the trial court granting an upward modification of alimony is reversed. We affirm all other issues on appeal.