279 So.2d 887 (1973)
Roger W. SHERMAN, Appellant,
v.
Joan V. SHERMAN, Appellee.
Nos. 72-925, 72-926.
District Court of Appeal of Florida, Third District.
June 26, 1973.
Rehearing Denied July 23, 1973.
*888 Edward C. Vining, Jr., and R.M. Mac-Arthur, Miami, for appellant.
Forney B. Stafford and Leonard H. Rubin, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
These consolidated interlocutory appeals present the question: May periodic alimony be increased upon petition for modification when the only change of circumstance shown is a substantial increase in the earnings of the former husband?[1]
Appellant, a medical doctor, was divorced in June, 1971. The appellee was granted periodic alimony of $268.00 per month and child support for four minor children of $432.00 per month, and other benefits which are not here in issue. On July 14, 1972, pursuant to petition of appellee, the alimony was increased to $500.00 per month and the child support was increased to $800.00 per month. The record sustains the trial judge's finding that there was a change in circumstances because the appellant's income had increased from approximately $10,000.00 per year to a rate of approximately $92,000.00 per year. Appellant was a surgical resident at the time of the divorce and thereafter entered private practice.
We hold that the question presented must be answered in the affirmative upon authority of Fla. Stat. § 61.14(1), F.S.A., which provides in part:
"* * * when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed * * *." (Emphasis added)
See also McArthur v. McArthur, Fla. 1957, 95 So.2d 521; Terry v. Terry, Fla.App. 1961, 126 So.2d 890.
The increased allowance for child support stands upon an even firmer foundation. Meltzer v. Meltzer, Fla.App. 1972, 262 So.2d 470; Waller v. Waller, Fla. App. 1968, 212 So.2d 352. See also Fla. Stat. § 61.13, F.S.A., which provides in part:
* * * * * *
"The court initially entering an order requiring one or both parents to make child support payments shall have continuing jurisdiction after the entry of such initial order to modify the amount of the child support payments, or the terms thereof, when such is found to be necessary by the court for the best interests of the child or children, or when such is found to be necessary by the court because there has been a substantial change in the circumstances of the parties."
* * * * * *
We have considered the point presented by appellant:
"Where, in a divorce decree the court finds the wife's and children's needs, and in disregard of the standard of living *889 maintained during the marriage, makes an award in excess of the husband's take-home pay, on the expressed basis that the husband, a young doctor, should give up his residency, and discontinue his specialized training, at Jackson Hospital, and should enter private practice in which he could make about three times his resident's salary, was it error, less than a year later, to modify the original award by increasing it to 185%, from $700 to $1,300 a month, on the basis that in the interim the doctor's income had, as anticipated, increased, when there was no evidence of a substantial change in needs, to justify increasing alimony from $268 to $500 (plus requiring the husband to pay half of major repairs, replacements of appliances, etc.), and increasing child support for each child from $108 to $200."
Our review of the record convinces us that error has not been demonstrated because the increase in appellant's income was far more substantial than that indicated as expected by the allowances for the family at the time of the final judgment. No abuse of discretion is made to appear. Meltzer v. Meltzer, supra.
Affirmed.
BARKDULL, Chief Judge (concurring in part; dissenting in part).
I concur in so much of this opinion that approved an increase in child support, based upon a showing of increased ability of the father to provide support and maintenance for his children. This is in accordance with the applicable authorities.
However, I have strong convictions that the former wife in the instant matter is not entitled to a raise in alimony. As I understand this record, it is conceded that the alimony as originally awarded was commensurate with the scale of living maintained by the appellant during the time the parties were man and wife. The only change in circumstances has been the increased earning capacity of the former husband. In this enlightened age of women's lib, no fault divorce, etc., I think it is foolish for the courts to hold that a former wife may come in [I assume at any time] and upon a showing of an increase in earnings by her former husband receive an increase in alimony. As I understand periodic alimony, it is to be awarded for the purpose of permitting the former wife to live in the manner and custom established by the husband. Concededly, periodic alimony in this case in the original instance accomplished this purpose. Following the reasoning of the majority, what would be the time limit, if any, when a former wife could seek an increase in alimony based solely upon the improved earning capacity of her former husband? Is it one, five, ten or twenty years? Obviously, laches couldn't begin to run until such time as the husband had the increased earning capacity.
Following the majority's opinion to a logical conclusion, a former wife receiving periodic alimony could hold her former husband to an increase in alimony upon increased earnings at any time during the remainder of his life. I don't think the courts should condone such action. Many of the authorities cited in the majority opinion, which approved an increase in alimony, had an additional element other than the mere increase in earning capacity of the former husband, to wit: a change in circumstances to the detriment of the former wife. And authorities that permit an increase in periodic alimony solely because of the increase in earning capacity of the former husband I would either not follow because they were rendered prior to the modern concepts of divorce law [see: Beard v. Beard, Fla.App. 1972, 262 So.2d 269, 270; Lefler v. Lefler, Fla.App. 1972, 264 So.2d 112; Thigpen v. Thigpen, Fla. App. 1973, 277 So.2d 583 (Opinion filed May 10, 1973)], or, if rendered in recent years, I would respectfully decline to follow as not being the proper course that the law should follow at this time.
NOTES
[1] In view of the importance of this question to the bar, we are departing from our usual practice by writing a full opinion on an interlocutory appeal.