370 So.2d 30 (1979)
Helen S. LENTON, Appellant,
v.
Charles T. LENTON, Appellee.
No. 78-368.
District Court of Appeal of Florida, Second District.
March 21, 1979.
Rehearing Denied April 27, 1979.
*31 Kevin K. Broderick of Wendel, Broderick & Chritton, Lakeland, for appellant.
Christy F. Harris and William M. Midyette, III of Christy F. Harris, Lakeland, for appellee.
BOARDMAN, Acting Chief Judge.
Helen Lenton appeals the trial court's order denying her petition to increase alimony payments. She petitioned for modification because of a dramatic improvement in her former husband's financial condition. After careful study of the record, we find that there is ample evidence to support an increase in alimony to appellant/wife, and we hold it was an abuse of discretion for the trial court to deny the relief prayed for. We reverse.
The facts are not in material dispute. At the time the marriage of the parties was dissolved in January, 1974, the wife's financial affidavit indicated that her monthly expenses, other than those connected with providing and maintaining the marital home, were approximately $1,650. However, in reliance on the husband's financial affidavit, which indicated that he would have an income of $41,000 and had assets of $5,000, Mrs. Lenton agreed to accept $500 per month alimony, $400 per month child support for the parties two minor children, and use of the marital home which was to be insured and maintained by Dr. Lenton.
Dr. Lenton's financial affidavit, upon which Mrs. Lenton had relied, proved to be inaccurate. In the three and one-half years between the dissolution and the time the petition for modification was filed, Dr. Lenton earned an average of $66,000 annually, and his assets increased to $225,000.
At the hearing on the petition the trial judge found that Mrs. Lenton's financial needs had not changed since the dissolution, and he refused to increase the $500 monthly alimony. This was error.
In considering modification of alimony the trial court should consider the intent of the parties in making the original support agreement, the parties' previous and present standards of living, and their previous and present earning capacities. Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973). Here the wife agreed to accept a decrease in her standard of living at the time of dissolution because the husband apparently did not have the means to support her in the same style she had enjoyed during the marriage. However, she should not be held to this agreement when the projection of limited means is not accurate.
A change in circumstances of only one of the parties is sufficient to justify a modification of alimony. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978); Sherman v. Sherman, 279 So.2d 887 (Fla. 3d DCA 1973); Rogers v. Rogers, 229 So.2d 618 (Fla. 2d DCA 1969). This rule is particularly appropriate where, as here, the needs of the spouse receiving alimony were not initially met.
The income which the husband actually earned was approximately 60% greater than the estimate relied upon by the wife. The cause is remanded with instructions that the $500 per month alimony be increased by 60% to $800 per month. The additional payments are to be commenced as of April 5, 1977, the date the petition for modification was filed. The trial court's ruling is otherwise affirmed.
*32 AFFIRMED in part; REVERSED in part; and REMANDED with directions consistent with this opinion.
SCHEB and OTT, JJ., concur.