561 So.2d 1179 (1989)
Diane B. BEDELL, Appellant,
v.
Robert L. BEDELL, Appellee.
No. 87-98.
District Court of Appeal of Florida, Third District.
November 7, 1989.
*1180 Frates, Bienstock & Sheehe, Miami, and Philip J. Kantor and Terry Bienstock, Miami, for appellant.
Frumkes & Greene and Cynthia Greene, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY and GERSTEN, JJ.
HUBBART, Judge.
This is an appeal by the wife Diane B. Bedell from a final order (1) denying her petition to modify the amount of permanent periodic alimony established by a 1975 final judgment of marriage dissolution which incorporated a settlement agreement between the parties, and (2) denying her request for reimbursement of certain college expenses incurred by the parties' son. After notifying the parties that we intended to consider this appeal on an en banc basis because of a conflict of decisions in this district, see Fla.R.App.P. 9.331(a), (b), and having received supplemental briefs on this issue in addition to the main briefs filed by the parties, we affirm the final order under review.

I
The undisputed relevant facts of this case are as follows. In 1962, the wife Diane Bedell and the husband Robert Bedell were married and soon thereafter had two sons. The parties separated after nine years of marriage, and on July 28, 1975, a final judgment of marriage dissolution was entered below, incorporating a prior settlement *1181 agreement between the parties. Under the terms of the agreed upon final judgment, the wife Diane Bedell, who was then thirty-three years old, received: (1) $415 a month in permanent alimony, (2) custody of the parties' two minor children, who were then aged ten and twelve, (3) $250 a month in child support for each of the two children, and (4) the husband's one-half interest in a townhouse in which the wife continues to reside; the husband also agreed to pay for the children's college education. The wife did not work outside the home during the marriage; the husband attended medical school during the marriage, obtained a medical degree, and at the time of the divorce had just opened his first medical office. In 1977, the wife relinquished custody of the two children, who were then aged twelve and fourteen, to the husband; the children thereafter resided with the husband during the remainder of their minority. During that time, the husband ceased making child support payments to the wife.
On July 12, 1986, the wife filed a petition for modification in the trial court in which she sought an increase in her alimony; she also sought, by separate pleading, the expenses for the oldest son's first year in college. The husband filed an answer and counter-petition for modification in which he sought a termination of all alimony. The wife thereafter sought various discovery of the husband's present financial condition, through interrogatories and requests for production of documents. The husband objected to this discovery on the ground that "he has sufficient financial ability to discharge any reasonable fiscal obligation imposed by the [c]ourt as alimony." The trial court granted the husband's motion for protective order on this basis, and, accordingly, the wife was precluded from any discovery of the husband's financial circumstances.
The trial court conducted a non-jury trial on the wife's petition and the husband's counter-petition for modification, as well as on the wife's request for reimbursement for college expenses. Subsequent thereto, the trial court entered an extensive order denying all relief sought by both parties. The wife appeals.

II
The wife raises various points on appeal which challenge the trial court's refusal to increase her alimony. Her central contention, however, is that she was entitled to such an increase as a matter of law under Section 61.14(1), Florida Statutes (1985), based solely on the husband's stipulated substantial change in his financial circumstances for the better since the final judgment; this is particularly true, she urges, because her needs were not met by the original alimony award and are not currently being met. She further urges, as an alternative argument, that she demonstrated below that her financial circumstances have substantially changed for the worse since the final judgment due to the ravages of inflation and other causes, and that, accordingly, this showing, when combined with the increased wealth of the husband, entitled her as a matter of law to an increase in alimony. We find no merit in these contentions.

A
Under Section 61.14(1), Florida Statutes (1985), a spouse who is the recipient of an alimony award in a final judgment of marriage dissolution incorporating a prior settlement agreement, as here, "may apply to the circuit court ... for a judgment ... increasing the amount of ... alimony" when "the circumstances or the financial ability of either party has changed," and "the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties ... increasing, or confirming the amount of ... alimony provided for in the agreement or order." (emphasis added). Although the statute authorizes the recipient spouse to apply for an increase in alimony "when the financial ability" of the spouse paying the alimony changes for the better, clearly the court is not required by the statute to grant such a motion; to the contrary, the statute confers general jurisdiction on the court to *1182 enter an order only "as equity requires," taking into consideration the changed financial circumstances.
Although not free from doubt, the weight of authority in Florida appears to support the rule that
"in a petition for modification [seeking increased alimony] the recipient's need [as established by the standard of living maintained during the marriage] is the sine qua non of the determination; unless and until it is established that there has been a substantial increase in need, [the paying spouse's] ability to pay must not be considered. Once that need is established, the question is whether or not [the paying spouse] has the ability to meet that increased need, in whole or in part. To hold otherwise improperly grants the alimony recipient a continuing interest in the former spouse's good fortune."
Irwin v. Irwin, 539 So.2d 1177, 1178 (Fla. 5th DCA 1989). In accord with this rule, this court has held that where the financial needs of the recipient spouse, as established by the standard of living maintained during the marriage, have not substantially increased since the final judgment, the trial court is justified in denying a motion to modify upward the alimony award, even though there has been a substantial increase in the financial circumstances of the paying spouse. Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA 1987), rev. denied, 531 So.2d 169 (Fla. 1988); Bess v. Bess, 471 So.2d 1342 (Fla. 3d DCA 1985), rev. denied, 482 So.2d 347 (Fla. 1986). As we stated in Powell v. Powell, 386 So.2d 1214, 1216 n. 6 (Fla. 3d DCA 1980), "an increase in the [paying spouse's] ability [to pay] would not in itself justify an upward modification of alimony if the [recipient spouse's] needs are already fully met by the existing award or otherwise." See Frantz v. Frantz, 453 So.2d 429, 430 (Fla. 3d DCA) (to same effect), rev. denied, 459 So.2d 1040 (Fla. 1984).
This rule, however, is to be distinguished from the related rule recognized in other Florida cases that a substantial increase in the paying spouse's financial circumstances is, in itself, a sufficient legal basis under Section 61.14(1), Florida Statutes (1985), to justify an increase in the amount of child support. See, e.g., Schottenstein v. Schottenstein, 384 So.2d 933, 935 (Fla. 3d DCA), rev. denied, 392 So.2d 1378 (Fla. 1980), and cases collected. As these cases recognize, a minor child has every right to share in the good fortune of his or her parents, even after their divorce, given the minor child's general entitlement to the bounty of his or her parents and the fact that the parent-child relationship continues notwithstanding the divorce. An alimony recipient, on the other hand, has no right, we think, to share in the same good fortune of the former spouse because their marriage relationship, unlike the parent-child relationship, is over, and, consequently, there is no comparable entitlement to share in the bounty of such a former spouse.
There is one exception to the rule that a substantial post-divorce increase in the needs of the recipient spouse is a prerequisite to obtaining an upward modification in alimony, and that a substantial increase in the paying spouse's ability to pay alimony cannot, in itself, justify an upward modification in alimony. This exception obtains in the relatively rare case where the recipient spouse's needs, as established by the standard of living maintained during the marriage, were not, and could not be, initially met by the original final judgment of marriage dissolution due to the then-existing financial inability of the paying spouse to meet those needs, which needs continue to remain unmet at the time modification is sought. Where such a paying spouse's earnings substantially increase subsequent to the final judgment and the recipient spouse's needs continue to remain unmet, it has been held that such spouse is entitled to an upward modification in alimony. Lenton v. Lenton, 370 So.2d 30 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980). This exception is no more than an elaboration on our oft-repeated rule that an increase in the paying spouse's ability to pay alimony cannot, in itself, justify an upward modification in alimony "if the [recipient spouse's] needs are already fully *1183 met by the existing award or otherwise." Powell; Frantz.
We recognize that our decision in Sherman v. Sherman, 279 So.2d 887 (Fla. 3d DCA), cert. dismissed, 282 So.2d 877 (Fla. 1973), stands in conflict with the above-stated law, and thus the reason for our en banc decision today. In that case, we upheld an increase in periodic alimony for the wife, upon a petition for modification, when the only change in circumstances shown was a substantial increase in the earnings of the husband; moreover, it appears that the initial alimony award met the needs of the wife based on the standard of living maintained by the parties during the marriage. We therefore expressly recede from this decision and adopt Judge Barkdull's dissenting opinion in Sherman, to wit:
"However, I have strong convictions that the former wife in the instant matter is not entitled to a raise in alimony. As I understand this record, it is conceded that the alimony as originally awarded was commensurate with the scale of living maintained by the appellant during the time the parties were man and wife. The only change in circumstances has been the increased earning capacity of the former husband. In this enlightened age of women's lib, no fault divorce, etc., I think it is foolish for the courts to hold that a former wife may come in [I assume at any time] and upon a showing of an increase in earnings by her former husband receive an increase in alimony. As I understand periodic alimony, it is to be awarded for the purpose of permitting the former wife to live in the manner and custom established by the husband. Concededly, periodic alimony in this case in the original instance accomplished this purpose. Following the reasoning of the majority, what would be the time limit, if any, when a former wife could seek an increase in alimony based solely upon the improved earning capacity of her former husband? Is it one, five, ten or twenty years? Obviously, laches couldn't begin to run until such time as the husband had the increased earning capacity.
Following the majority's opinion to a logical conclusion, a former wife receiving periodic alimony could hold her former husband to an increase in alimony upon increased earnings at any time during the remainder of his life. I don't think the courts should condone such action. Many of the authorities cited in the majority opinion, which approved an increase in alimony, had an additional element other than the mere increase in earning capacity of the former husband, to wit: a change in circumstances to the detriment of the former wife. And authorities that permit an increase in periodic alimony solely because of the increase in earning capacity of the former husband I would either not follow because they were rendered prior to the modern concepts of divorce law [see: Beard v. Beard, Fla.App. 1972, 262 So.2d 269, 270; Lefler v. Lefler, Fla.App. 1972, 264 So.2d 112; Thigpen v. Thigpen, Fla. App. 1973, 277 So.2d 583 (Opinion filed May 10, 1973)], or, if rendered in recent years, I would respectfully decline to follow as not being the proper course that the law should follow at this time."
279 So.2d at 889 (Barkdull, J., concurring in part (child support), dissenting in part (alimony)).

B
Based on the above-stated law, it is clear that the wife was not entitled, as urged, to an increase in alimony based solely on the stipulated substantial increase in the income of the husband subsequent to the final judgment in this case. Florida law generally bars such a modification in alimony based solely on this change in circumstances; moreover, the exception to this general rule is totally inapplicable to this case. No showing was ever made below that the $415.00 alimony initially awarded did not then meet the needs of the wife based on the standard of living maintained by the parties during the marriage due to the husband's financial inability to pay. To the contrary, the wife conceded below that the alimony and child support awards were sufficient at the time to support herself and her minor children (Tr. 40-41), *1184 indeed, she voluntarily agreed to the alimony award below and told the trial court in 1975 that the amount awarded was fair and just.
Moreover, we do not understand the aforementioned exception to allow the wife, as urged, to collaterally attack the voluntariness or fairness of the agreed-upon final judgment or to generally claim that the trial court abused its discretion in initially setting the amount of alimony. These contentions can only be addressed, respectively, on a motion to vacate the final judgment of marriage dissolution under Fla.R.Civ.P. 1.540 or on a direct appeal from such final judgment. The subject exception only obtains where, unlike this case, the trial court was legally required to award an amount of alimony which did not meet the needs of the recipient spouse, based on the standard of living maintained by the parties during the marriage, because of the husband's then-existing financial inability to meet that need; where this is shown, a subsequent substantial increase in the husband's financial ability to meet the recipient spouse's otherwise-existing need constitutes a sufficient basis for an upward modification in alimony. No such showing, however, was ever made or attempted in this case. This being so, the husband's increased earnings cannot, without more, justify an increase in the subject alimony award.
Beyond that, we conclude that the trial court did not, as urged, abuse its discretion in concluding that the wife's needs have not substantially increased since the final judgment of marriage dissolution was entered below, notwithstanding a rise in the cost of living, and that, accordingly, an upward modification in alimony was not justified. As correctly stated by the trial court in the final order under review:
"This Court finds that a rise in the cost of living may be a basis for a modification of alimony provided, however, that a showing is made that the increase in the cost of living has specifically affected the party seeking the modification. Here, although the Wife presented testimony as to the general rise in the cost of living, she made no showing and presented no evidence that she, herself, has been detrimentally affected by this rise in the cost of living or that such a rise has caused an increase in her needs. The Wife presented no testimony or evidence relating to the nature and amount of her necessary required expenditures in 1975 as compared to the nature and amount of these expenditures currently. She introduced no financial records supporting the amount of her claimed expenses and did not testify as to specific items of increase."
This being so, under the above-stated law, the trial court committed no reversible error in denying the wife's petition to modify her alimony award. We have not overlooked the wife's extensive arguments to the contrary, but are not persuaded thereby.

III
The wife also claims error in the denial of her request for reimbursement of one year of college expenses for the parties' oldest son; we conclude that no error is presented by this ruling. First, the husband, in fact, paid $18,000 for one-year's tuition for the son in a therapy school after the son graduated from high school. Thereafter, the son withdrew from this school after attaining his majority and enrolled in a college, all without the husband's consent; the husband's tuition payment to the therapy school was thereafter never refunded. We agree with the trial court that:
"[T]he Husband's obligation to pay tuition for the year in question was met by his payment to the therapy school and that the parties' `Agreement' cannot be read so as to require the Husband to pay successive tuition fees at successive schools within the same period of time, particularly where, as here, full payment was made and the child elected not to avail himself of same. The Court further notes that the Husband fully met his obligation to pay tuition in all subsequent years."
*1185 Second, the wife's mother, not the wife, paid for the son's tuition at the second school. Under these circumstances, the wife clearly was not entitled to be "reimbursed" for an expenditure which she did not make.
For the above-stated reasons, the final order under review is, in all respects, Affirmed.
SCHWARTZ, C.J., and BARKDULL, NESBITT, BASKIN, FERGUSON, JORGENSON, LEVY and GERSTEN, JJ., concur.
COPE, Judge (specially concurring).
I concur in all but part IIB of the opinion. The wife did present evidence that the original alimony award was inadequate. It is apparent, however, that the ultimate basis for the trial court's decision was its finding that the wife has at the present time, and has had for some years, the ability to contribute financially to her support but has failed to do so. In view of that finding, which is supported by competent substantial evidence, the trial court did not abuse its discretion in determining that the wife has failed to demonstrate an entitlement to an increase in the level of periodic alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).