566 So.2d 583 (1990)
Robert H. SCHLESINGER, Appellant,
v.
Mary Jane EMMONS, Appellee.
No. 89-02983.
District Court of Appeal of Florida, Second District.
September 7, 1990.
Michael L. Resnick of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellant.
Philip S. Prosch and Gerald C. Surfus of Surfus & Prosch, Sarasota, for appellee.
CAMPBELL, Judge.
Appellant, Robert H. Schlesinger, former husband, challenges the postdissolution trial court orders that granted appellee, Mary Jane Emmons, former wife, a substantial increase in permanent periodic alimony. We affirm.
The parties to this fifteen-year marriage had enjoyed a somewhat extravagant life-style financed in large part by husband's ability to borrow from the trustees of a family trust against his expected inheritance of the income from that trust. While the evidence presented at the final hearing in the dissolution proceeding in 1985 was not without some contradiction, there was evidence to show that wife had expenses of roughly $8,000 a month that were necessary to support her in the manner and style to which she and husband had become accustomed during the marriage. However, since husband only had an income of approximately $75,000 per year without borrowing from his expected inheritance, the trial judge rightly concluded that husband's expected inheritance could not be considered in making alimony provisions to supply wife's demonstrated needs. The final judgment, therefore, limited wife's periodic permanent alimony to $2,000 per month.
In 1987, nearly two years after the final judgment of dissolution, wife filed a petition for modification seeking an increase in her permanent periodic alimony. Wife's petition was based upon husband's receipt, since the final judgment, of his inheritance of the income from the family trusts which now net him approximately $270,000 annual income for life.
*584 Again, while there is some contradiction, wife presented evidence at the final hearing on the petition for modification that her monthly expenses had increased from $8,000 per month to $10,000 per month. While wife admittedly has some financial resources of her own, she presented evidence that she continued to be unable to maintain the life-style of the parties' marriage without increased assistance from husband. Husband, on the other hand, argues in this appeal that wife has not demonstrated any increase in need since the final judgment of dissolution that was not caused by her extravagance and/or her mismanagement or wasting of assets. Husband argues, therefore, that wife should be denied any increase in alimony that is based solely on husband's increased income by reason of his inheritance of trust income from his family trusts. He relies on Bedell v. Bedell, 561 So.2d 1179 (Fla. 3d DCA 1989), as support for his argument. The rule announced by the Bedell court is that on a petition for modification seeking an increase in alimony, the recipient's post-dissolution increased need, based upon the marital standard of living, must be first established before the paying spouse's postdissolution increase in ability to pay may be considered.
We do not disagree with the result in Bedell or with the rule stated by the Bedell court as applied to the facts of that case, although we are not so certain that we would apply that rule as unalterably as the Bedell court seems inclined to do. Nevertheless, it is one of the exceptions to that rule, as recognized by the Bedell court, that causes us to affirm the orders from which husband's appeal is taken. The exception was stated in Bedell as follows:
There is one exception to the rule that a substantial post-divorce increase in the needs of the recipient spouse is a prerequisite to obtaining an upward modification in alimony, and that a substantial increase in the paying spouse's ability to pay alimony cannot, in itself, justify an upward modification in alimony. This exception obtains in the relatively rare case where the recipient spouse's needs, as established by the standard of living maintained during the marriage, were not, and could not be, initially met by the original final judgment of marriage dissolution due to the then-existing financial inability of the paying spouse to meet those needs, which needs continue to remain unmet at the time modification is sought. Where such a paying spouse's earnings substantially increase subsequent to the final judgment and the recipient spouse's needs continue to remain unmet, it has been held that such spouse is entitled to an upward modification in alimony. Lenton v. Lenton, 370 So.2d 30 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 767 (Fla. 1980). This exception is no more than an elaboration on our oft-repeated rule that an increase in the paying spouse's ability to pay alimony cannot, in itself, justify an upward modification in alimony "if the [recipient spouse's] needs are already fully met by the existing award or otherwise." Powell [v. Powell, 386 So.2d 1214 (Fla.3d DCA 1980)]; Frantz [v. Frantz, 453 So.2d 429 (Fla. 3d DCA 1984)].
561 So.2d at 1182-1183.
The Bedell court further stated:
The subject exception only obtains where, unlike this case, the trial court was legally required to award an amount of alimony which did not meet the needs of the recipient spouse, based on the standard of living maintained by the parties during the marriage, because of the husband's then-existing financial inability to meet that need; where this is shown, a subsequent substantial increase in the husband's financial ability to meet the recipient spouse's otherwise existing need constitutes a sufficient basis for an upward modification in alimony.
561 So.2d at 1184 (emphasis in original).
While we are not as certain as the Bedell court seems to be that this exception is the only exception that should be recognized, nevertheless, that exception clearly applies in this case in light of the evidence adduced in support of wife's petition. See Arce v. Arce, 566 So.2d 1308 (Fla. 3d DCA 1990). The trial judge in the final judgment of dissolution was plainly not able to meet *585 wife's demonstrated need for permanent periodic alimony as required to maintain the marital standard of living because he specifically recognized it was improper to consider husband's expected inheritance in determining husband's then ability to pay for wife's demonstrated needs. It was likewise not within the court's available remedies to require husband to continue to borrow against his expected inheritance as he had voluntarily done to establish the marital standard of living. The trial judge provided for wife as well as could be done based upon husband's available income and the remedies available to the court at this time. However, since wife's demonstrated needs were unable to be adequately provided for in the final judgment, it was proper to consider, on wife's petition for modification, husband's then-vested inheritance resulting in a massive increase in his annual income.
The facts here do not lead to an application of Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981). Under Jaffee, a postdissolution change in circumstances that was contemplated and considered when the original judgment was entered may not be considered to support a modification of that judgment. The reason for the rule stated in Jaffee is that where the likelihood of a particular circumstance occurring is a factor considered by the court in initially fixing the award in question, it is improper to consider the occurrence once it has come to pass. Jaffee, 394 So.2d at 445. In this case, to the contrary, the trial judge, while recognizing husband's future inheritance expectations, specifically and properly refused to consider that expected circumstance in setting the original award. See Bedell v. Bedell, 523 So.2d 166 (Fla. 1st DCA 1988).
It has been urged upon us that our previous holdings in Lenton v. Lenton, 370 So.2d 30 (Fla. 2d DCA 1979) cert. denied, 381 So.2d 767 (Fla. 1980), and Rogers v. Rogers, 229 So.2d 618 (Fla. 2d DCA 1969), state a different rule than that expressed in Bedell, 561 So.2d at 1179. We do not believe that we have, in those cases, announced a rule that is in substantial disagreement with the Bedell rule. 561 So.2d at 1179. However, as we have previously stated, we cannot be certain that we would not recognize other exceptions to the rule based upon what equity may require according to the particular facts of each individual case. See Rogers.
In Lenton, this court was also applying the exception to the rule as we apply it here. In Lenton, wife at the time of dissolution had agreed to accept a decrease in her established marital standard of living because of husband's lack of apparent means to continue that marital standard at the time of dissolution. We held in Lenton, as we do here, that a dramatic postdissolution improvement in husband's financial condition was sufficient in itself to support an increase in alimony where the needs of the spouse receiving the alimony were not initially met. We, therefore, affirm the orders of the trial court from which this appeal is taken.
SCHEB, A.C.J., and PATTERSON, J., concur.