CASANUEVA, Judge.
 

 In this consolidated appeal of orders resulting from a postdissolution modification action in which both former spouses sought modification of alimony, the Former Husband, Timothy Jon Eisemann, challenges the final judgments increasing his alimony payments to his Former Wife, Patti Ann Eisemann, and ordering that he pay her attorney’s fees. We reverse.
 
 [1]
 

 Background
 

 After a twenty-one-year marriage, the parties were divorced in 2002. Prior to the dissolution, the parties entered into a Marital Property and Settlement Agreement. Its provisions included a requirement that the marital home be sold and that Mr. Eisemann pay Mrs. Eisemann $1900 a month in permanent alimony. This amount was based, in part, on his annual earnings at that time of between $85,000 and $89,000 and Mrs. Eisemann’s anticipated annual income of $18,000 from expected full-time employment. Mrs. Ei-semann testified in the modification proceedings that this was a “bare bones” estimate of her postdissolution needs and Mr. Eisemann’s ability to pay at that time because the parties had agreed that Mr. Eisemann solely would be responsible for the expenses of their daughter’s upcoming college education. Because of the settlement agreement, there was no evidence presented to the court of the parties’ actual expenses and ability to pay at the time of dissolution. The marital home was sold, and each party left the marriage free of debt and with an equitable distribution of $165,000.
 

 
 *762
 
 Since the final judgment of dissolution, the trial court, in the modification proceeding, found that Mrs. Eisemann’s salary had substantially increased to $28,701 annually. It was this substantial increase in her salary that motivated Mr. Eisemann to seek a reduction in alimony. With all sources of income, including alimony, her annual income was now approximately $52,795. Mr. Eisemanris annual income had increased at the time of the modification proceeding to $129,000.
 

 Other circumstances found by the trial court to support the modification of alimony were the increase in Mrs. Eisemanris condominium assessment dues, including a large special assessment; increases in the cost of food, gas, and electricity; her diagnosis of breast cancer and the resulting treatment, including the expenses of three surgeries and ongoing medications; and the decrease in Mr. Eisemanris monthly expenses. The trial court concluded that Mrs. Eisemann had never been able to achieve the standard of living she enjoyed during the marriage and had been forced to live much more modestly since.
 

 Analysis
 

 A. The Change in Circumstances
 

 “To justify a modification of alimony, the moving party must establish: ‘(1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (3) that the change is sufficient, material, permanent, and involuntary.’ ”
 
 Antepenko v. Antepenko,
 
 824 So.2d 214, 215 (Fla. 2d DCA 2002) (quoting
 
 Rahn v. Rahn,
 
 768 So.2d 1102, 1105 (Fla. 2d DCA 2000));
 
 see also Pimm v. Pimm,
 
 601 So.2d 534, 536 (Fla.1992).
 

 The trial court considered the financial impact Mrs. Eisemann experienced in the unexpected and significant expenses to her condominium residence manifested in the special assessment. It also considered the increased financial need that she experienced as a result of her medical issues. Because these changes meet the
 
 Pimm, Antepenko,
 
 and
 
 Rahn
 
 requirements for modification of alimony, the trial court did not err in factoring them into the equation for increasing her alimony.
 

 B. The Marital Standard of Living
 

 Next, the trial court focused upon Mrs. Eisemanris marital standard of living. In the modification judgment, the trial court found that her needs, as established by the marital standard of living, were not initially met in the dissolution judgment because Mr. Eisemann was unable at that time to fully meet those needs. But because his earnings have substantially increased subsequent to the dissolution and her needs continued to remain unmet, the trial court concluded that this circumstance justified an upward modification under
 
 Bedell v. Bedell,
 
 583 So.2d 1005 (Fla.1991), and
 
 Schlesinger v. Emmons,
 
 566 So.2d 583 (Fla. 2d DCA 1990). We disagree not with the trial court’s result but with its rationale.
 

 We begin by examining
 
 Bedell’s
 
 origins and its progress through the appellate system.
 
 Bedell v. Bedell,
 
 561 So.2d 1179 (Fla. 3d DCA 1989),
 
 reversed,
 
 583 So:2d 1005 (Fla.1991). Mrs. Bedell filed a petition seeking an upward modification of the amount of alimony awarded in the final judgment of dissolution of marriage; Mr. Bedell counterclaimed, seeking downward modification. The trial court denied relief to both parties and Mrs. Bedell sought review. Only two of the several issues she presented to the Third District are relevant to our disposition of this case.
 

 In the first issue, the district court discussed the criteria necessary to sustain a modification of alimony; the second issue related to the relatively rare exception to the general rule where a recipient spouse’s
 
 *763
 
 initial needs were not and could not be met in the original final judgment due to the then-existing financial inability of the paying spouse to meet those needs, and the recipient’s needs continued to be unmet at the time modification was sought. An examination of the supreme court’s opinion reviewing the district court’s
 
 Bedell
 
 rationale demonstrates that it was only the first, and not the second, issue that resulted in the supreme court’s holding.
 

 In
 
 Bedell,
 
 583 So.2d 1005, the supreme court considered the application of section 61.14(1), Florida Statutes (1985), which states that alimony may be modified where an ex-spouse files a petition seeking a modification in alimony and where “the circumstances or the financial ability of either party has changed.” The court construed the statute to mean “that proof of a substantial change in the financial ability of a paying spouse may, by itself, properly support an order for an increase in alimony.”
 
 Id.
 
 at 1007. But it qualified this statement by adding “that a substantial increase in the financial ability of the paying spouse, standing alone,
 
 may justify but does not require
 
 an order of increased alimony.”
 
 Id.
 
 (emphasis added).
 

 Applying this rule to the demonstrated increased financial expenses of Mrs. Be-dell, including an increase in the mortgage and maintenance payments on her townhouse, the supreme court found that her needs had substantially increased and “coupled with the husband’s [stipulated] ability to pay, the failure to award the wife an increase in alimony was an abuse of discretion.”
 
 Id.
 
 at 1008. It is noteworthy that the originally unmet needs of the receiving spouse did not determine the supreme court’s holding. Although the supreme court reversed, it added, “We would reach this conclusion even under the rationale of the Third District Court of Appeal because the wife clearly demonstrated an increased need.”
 
 Id.
 
 at 1007-08. Thus, the supreme court’s holding in
 
 Bedell
 
 does not support the trial court’s ruling in this case that focused on the still unmet initial needs of the recipient spouse.
 

 It is the second issue previously mentioned that is relevant to our analysis. There the district court discussed the exception to the rule requiring a substantial postdissolution increase in the recipient spouse’s needs as a prerequisite to an upward modification of alimony. It said:
 

 This exception obtains in the relatively rare case where the recipient spouse’s needs, as established by the standard of living maintained during the marriage, were not, and could not be, initially met by the original final judgment of marriage dissolution due to the then-existing financial inability of the paying spouse to meet those needs, which needs continue to remain unmet at the time the modification is sought.
 

 Bedell,
 
 561 So.2d at 1182. To meet this exception, it must be established that a “trial court was
 
 legally required
 
 to award an amount of alimony which did not meet the needs of the recipient spouse.”
 
 Id.
 
 at 1184.
 
 [2]
 

 This court in
 
 Schlesinger v. Emmons,
 
 566 So.2d 583 (Fla. 2d DCA 1990), considered the exception as outlined by the Third District’s
 
 Bedell
 
 opinion. We concluded that the exception applied in
 
 Schlesinger
 
 because in the original judgment of dissolution the former wife’s demonstrated need for permanent alimony to maintain the relatively high marital standard of living
 
 *764
 
 was not able to be met at that time. This was so because the trial court could not consider the husband’s expected inheritance in determining his ability to pay.
 
 Id.
 
 at 584-85. Judge Campbell, writing for the court, went on to state:
 

 The trial judge provided for wife as well as could be done based upon husband’s available income and the remedies available to the court at this time. However, since wife’s demonstrated needs were unable to be adequately provided for in the final judgment, it was proper to consider, on wife’s petition for modification, husband’s then-vested inheritance resulting in a massive increase in his annual income.
 

 Id.
 
 at 585.
 

 In
 
 Schlesinger,
 
 the record of the initial proceeding and the trial court’s express findings then established the former wife’s entitlement to the exception. This is not the state of the record in the Eisemanns’ case. This case arises from a similar fact pattern as was presented to the Third District in
 
 Bedell,
 
 i.e., both began with a final judgment of dissolution of marriage that incorporated a prior marital settlement agreement. To be entitled to the exception, the recipient spouse must show that in the original judgment of dissolution, the trial court was
 
 “legally required,
 
 ”
 
 Bedell,
 
 561 So.2d at 1184, to award alimony that did not meet the needs of the recipient spouse, based on the marital standard of living, because the paying spouse was financially unable to meet those needs. Mrs. Eisemann provided no evidence, other than her opinion, that at the time of their dissolution, the trial court was legally required to award an insufficient amount of alimony because Mr. Ei-semann could
 
 not
 
 pay
 
 more. The
 
 Eisem-anns’ final judgment of dissolution was not directly appealed or challenged by a motion to vacate. By the terms of their settlement agreement, Mr. Eisemann was contractually obligated to pay for the college education of their daughter. The record is silent whether Mr. Eisemann assumed that cost voluntarily or the parties agreed to that provision because the other financial provisions, including alimony, were mutually acceptable.
 

 In Mrs. Eisemann’s case, the original award of alimony was based upon a contract — their settlement agreement — and not after a trial where the court made the requisite findings of one’s needs and the other’s demonstrated inability to pay the legally required amount. Based on the evidence presented, Mrs. Eisemann’s case does not come within the exception. Thus, the trial court erred, but only in using
 
 Bedell
 
 as a basis to modify the alimony award.
 

 The final judgment modifying alimony must be reversed and remanded for reconsideration in light of Mrs. Eisemann’s current unmet needs that fulfill the criteria of substantial change that was not contemplated at the time of dissolution that are material, permanent, and involuntary — not because her needs at the time of the dissolution were unmet — and Mr. Eisemann’s current ability to pay.
 
 See Bedell,
 
 588 So.2d at 1007 (holding “that a substantial increase in the financial ability of the paying spouse, standing alone, may justify but does not require an order of increased alimony [and] the final decision rests with the circuit court”; citing with approval on this point
 
 Schlesinger v. Emmons,
 
 566 So.2d 583 (Fla. 2d DCA 1990)).
 

 C. Attorney’s Fees
 

 Finally, we address the award of attorney’s fees to Mrs. Eisemann. The central inquiry for such an award is the need of one spouse for the fees and the other’s ability to pay the fees. “If one party has no financial need for fees, the other party
 
 *765
 
 cannot be compelled to pay them solely because his or her sizeable assets minimize the financial strain of such a payment.”
 
 Von Baillou v. Von Baillou,
 
 959 So.2d 821, 828 (Fla. 4th DCA 2007). Because we reverse the amount awarded by modification as permanent periodic alimony, we must also reverse the attorney’s fee award to Mrs. Eisemann and remand for recalculation. We caution the trial court that should it require a substantial immediate-payment of fees, it set forth specific findings supporting such a determination, particularly as to her need and the source from which funds are to be paid.
 

 Reversed and remanded for further proceedings.
 

 VILLANTI, J., and SCHOONOVER, JACK R., Senior Judge, Concur.
 

 [1]
 

 . We find without merit Mr. Eisemann’s argument that the parties’ Marital Settlement Agreement incorporated into the final judgment of dissolution is nonmodifiable.
 

 [2]
 

 . The supreme court did not disapprove of the Third District's opinion regarding this exception; in fact, this exception was not mentioned by the supreme court. But given the supreme court's discussion, we believe the supreme court's own holding would encompass it.