BLACK, Judge.
A. Curtis Morrison (the Former Husband) appeals the final judgment on Susan M. Morrison’s (the Former Wife) supplemental petition for modification of the final judgment of dissolution of marriage in which the trial court increased the Former Wife’s permanent alimony award from $900 per month to $3250 per month. The Former Wife cross-appeals asserting that the trial court abused its discretion in ordering the parties to be responsible for their own attorney’s fees and costs. Because the trial court abused its discretion in modifying the Former’s Wife’s permanent alimony, we reverse and remand both the trial court’s decision granting the modification and the retroactive lump sum alimony award based on the modification. Since we reverse the modification award, we also reverse the attorney’s fees award for recalculation.
I. Background
On August 15, 2005, the Former Husband filed a petition for dissolution. Prior to the dissolution, the parties negotiated a marital settlement agreement (MSA). On April 10, 2006, the trial court entered a final judgment of dissolution of marriage that approved and incorporated the parties’ MSA. Paragraph four of the MSA provided that the Former Husband pay the Former Wife $900 per month in permanent alimony. Although the parties also submitted financial affidavits as a part of the mandatory disclosures, the trial court made no findings regarding the parties’ actual expenses or their ability to pay at the time of dissolution because of the negotiated settlement.
On January 81, 2007, only nine and one-half months after the final judgment of dissolution, the Former Wife filed a supplemental petition for modification alleging a substantial change in circumstances based on both her need for alimony and an increase in the Former Husband’s ability to pay. In the petition, the Former Wife did not specify her change of circumstances; however, at the modification proceedings, she testified that “just utilities have gone up.” The basis for the increase in the Former Husband’s income came from a trust his aunt created for him and his family members. The Former Husband began receiving payments from the trust around June 2006. He received both annual lump sum payments and monthly payments of approximately $900 per month. At the modification proceedings in 2008, the Former Husband testified that the trust payments were for a specified period of time. He stated that there were only six more annual distributions from the trust, which results in the payments ending in 2014. It is important to note that this trust income was neither permanent nor unanticipated, as discussed below in greater detail.
Following the modification proceedings, the trial court found that both the Former Wife’s and the Former Husband’s circumstances had changed substantially. Specifically, the trial court found that the Former Wife’s monthly deficit in 2005 was $1834 per month. The trial court found that in 2008 her deficit was $2359 per month. Therefore, the trial court found her deficit increased by only $525 per month. As to the Former Husband’s increased ability to pay, the trial court found that the Former Husband’s monthly income increased from $2426 per month in 2005 to $5119 per month in 2008. The trial court found that the Former Husband’s monthly needs in 2008 were $3800 *413 per month, leaving the Former Husband with a surplus of $1319 per month. Based on the numbers above, the trial court modified the Former Husband’s alimony payment to $8250 per month for as long as the trust fund benefits continued. We note that the original alimony award was $900 per month, and the trial court’s modification to $3250 per month increased the original award by $2350 per month.
II. Standard of Review
A trial court’s modification of an alimony award is reviewed under an abuse of discretion standard. Wabeke v. Wabeke, 31 So.3d 793, 795 (Fla. 2d DCA 2009). “An award must be reversed ‘where the record does not contain competent, substantial evidence to support the trial court’s findings regarding the amount of alimony awarded.’ ” Id. (quoting Farley v. Farley, 858 So.2d 1170, 1172 (Fla. 2d DCA 2003)), In an alimony modification proceeding, the burden is on the petitioner to show there was “a substantial change in circumstances that was not contemplated at the time of the final judgment and that is sufficient, material, permanent, and involuntary.” Chambliss v. Chambliss, 921 So.2d 822, 824 (Fla. 2d DCA 2006) (citing Yangco v. Yangco, 901 So.2d 217, 219 (Fla. 2d DCA 2005)). If the alimony award is fixed by agreement, the party seeking to modify that award carries an exceptionally heavy burden. Id. (citing Johnson v. Johnson, 386 So.2d 14, 16 (Fla. 5th DCA 1980)); see also Pimm v. Pimm, 601 So.2d 534, 537 (Fla.1992).
III. Modification
Pursuant to section 61.14(l)(a), Florida Statutes (2006), “[when] the parties enter into an agreement for payments for ... alimony ... and the circumstances or the financial ability of either party changes ... either party may apply ... for an order decreasing or increasing the amount of ... alimony.” In order to justify a modification of alimony, the petitioner must establish: “ ‘(1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (3) that the change is sufficient, material, permanent, and involuntary.’” Antepenko v. Antepenko, 824 So.2d 214, 215 (Fla. 2d DCA 2002) (quoting Rahn v. Rahn, 768 So.2d 1102, 1105 (Fla. 2d DCA 2000)); see also Pimm, 601 So.2d at 536.
This court recently addressed alimony modification, where the original dissolution of marriage incorporated a negotiated settlement agreement and the modification was based on a substantial change in circumstances. See Eisemann v. Eisemann, 5 So.3d 760 (Fla. 2d DCA 2009). In Ei-semann, both spouses sought modification of alimony. Id. at 761. The Former Husband sought a reduction in alimony based on the Former Wife’s increase in annual income, and the Former Wife sought an increase in alimony based on the Former Husband’s increase in income. Id. The trial court found that Former Wife’s needs were not met in the original dissolution judgment, but because the Former Husband’s earnings had increased and the Former Wife’s needs continued to be unmet, the trial court concluded an upward modification was justified. Id. at 762.
The Eisemann court reiterated the Florida Supreme Court’s view that there are two avenues to pursue when proving the substantial change in circumstances prong of the alimony modification test: (1) a substantial change in one spouse’s needs, or (2) a substantial increase in the paying spouse’s ability to pay. Id. at 763; see Bedell v. Bedell, 583 So.2d 1005 (Fla.1991). It also recognized the Bedell exception which applies in
*414 the relatively rare ease where the recipient spouse’s needs, as established by the standard of living maintained during the marriage, were not, and could not be initially met by the original final judgment of marriage dissolution due to the then-existing financial inability of the paying spouse to meet those needs, which needs continue to remain unmet at the time of modification.
Eisemann, 5 So.3d at 762-63 (quoting Be-dell, 583 So.2d at 1006-07).
For the Bedell exception to apply, the “recipient spouse must show that in the original judgment of dissolution, the trial court was legally required to award an amount of alimony that did not meet the needs of the recipient spouse, based on the marital standard of living, because the paying spouse was financially unable to meet those needs.” Id. at 764 (citation omitted). In applying the criteria for the exception, the Eisemann court reasoned that since “the original award of alimony was based upon a contract — their settlement agreement — and not after a trial where the court made the requisite findings of one’s needs and the other’s demonstrated inability to pay the legally required amount,” the case did not fall within the exception. Id. The trial court’s order was reversed because the Bedell exception was used as the basis for modification. Id. The Eisemann court held that only the “current needs that fulfill the criteria of [a] substantial change that was not contemplated at the time of dissolution [and] that are material, permanent, and involuntary” may be considered by the trial court. Id.; see Bedell, 583 So.2d at 1007 (finding that “a substantial increase in the financial ability of the paying spouse, standing alone, may justify but does not require an order of increased alimony [and] the final decision rests with the circuit court.” (emphasis added)).
Here, the trial court abused its discretion in modifying the Former Wife’s alimony award to $3250 per month. The evidence presented does not support a substantial change in circumstances based on the Former Wife’s needs. In addition to the Former Wife’s testimony that “just the utilities had gone up,” the Former Wife acknowledged that her deficit at the time of modification was less than it was at the time of the final judgment. Although it appears that the trial court based its findings on the parties’ financial affidavits, even those do not provide a basis for a substantial change. The trial court found that the Former Wife’s monthly deficit at the time she contracted for a $900 per month alimony payment was $1834 a month, and at the time of modification, it had increased to $2359 per month, a difference of only $525 per month.[1] The evidence of a $525 increase added to the $900 per month alimony payment would justify a modification in alimony up to $1425; however, the trial court’s modification increased the amount to $3250 per month, and the evidence does not support this amount.
While the evidence did support a substantial increase in the Former Husband’s ability to pay, the trial court abused its discretion in granting a modification of the permanent alimony award based on trust payments that were not permanent. The Former Husband testified that the trust payments were for a specified amount of *415 time. The supreme court’s Bedell opinion contemplates that a substantial increase in the paying spouse’s ability to pay may in and of itself justify an increase in alimony; however, that substantial increase is still subject to the three-part test for alimony modification. See Eisemcmn, 5 So.3d at 764 (applying the three-part test after finding that the Bedell exception did not apply). The three-part test is a conjunctive test and a temporary change in circumstances cannot justify a permanent modification of alimony. Since the Former Husband’s trust payments were not permanent, the trial court abused its discretion in permanently modifying the alimony award based on those payments.[2]
This case also does not meet the Bedell exception. Similar to Eisemcmn, the Mor-risons entered into an MSA, and the Former Wife negotiated and agreed to a $900 per month alimony payment when her monthly needs were $3400. Although she was operating at a deficit when the final judgment of dissolution was rendered, the trial court was not legally required to award an amount of alimony that did not meet her needs because the parties had contractually agreed to a monthly alimony amount. Florida courts respect agreements made by parties to a dissolution “ ‘[w]hen such agreements are fairly entered into and are not tainted by fraud, overreaching or concealment....’” Griffith v. Griffith, 860 So.2d 1069, 1072 (Fla. 1st DCA 2003) (quoting Sedell v. Sedell, 100 So.2d 639, 642 (Fla. 1st DCA 1958)). The Former Wife also had the opportunity to directly appeal or challenge the final judgment of dissolution by a motion to vacate; however, she chose to abide by the settlement agreement.
The Former Wife argues that the reason the exception did not apply in Ei-semcmn is because there was no evidence presented showing that the trial court was legally required to award an insufficient amount of alimony. The Former Wife asserts that in this case the parties’ financial affidavits from the time of the settlement agreement and from the time of modification provide sufficient evidence to form the basis for the exception. We do not agree. The trial court was not legally required to make the requisite findings of one spouse’s needs and the other’s inability to pay due to the parties’ negotiated settlement agreement. Since the parties fairly entered into the MSA at the time of dissolution, the trial court was not legally required to award an amount of alimony which did not meet the needs of the Former Wife.[3] Thus, the trial court abused its discretion in using the Bedell exception as the basis for its finding that the Former Wife met the substantial change in eircum- *416 stance prong of the alimony modification test.
For the above stated reasons, we conclude the trial court abused its discretion in modifying the alimony award to $3250 per month. We reverse the trial court’s modification order and remand for reconsideration in light of the Former Wife’s current unmet needs and the Former Husband’s permanent ability to pay. The trial court should not consider the Former Wife’s unmet needs at the time of dissolution but must consider only those needs that meet the criteria of a substantial change that was not contemplated at the time of dissolution and that is sufficient, material, permanent, and involuntary. Likewise, the trial court must also consider only a permanent, substantial change in the Former Husband’s ability to pay that was not contemplated at the time of dissolution and that is sufficient, material, and involuntary. Since the retroactive lump sum was based upon the award of $3250 per month, we also remand this award for findings consistent with this opinion.
IV. Attorney’s Fees
 Pursuant to section 61.16, Florida Statutes (2007), a trial court may award attorney’s fees. In addressing attorney’s fees, the trial court’s inquiry should be “whether one spouse has a need for fees and the other spouse has the ability to pay them.” Von Baillou v. Von Baillou, 959 So.2d 821, 823 (Fla. 4th DCA 2007). A financial need is defined as “ ‘the necessity for some financial assistance to engage an attorney and pay attorney fees.’” Id. (quoting Satter v. Satter, 709 So.2d 617, 619 (Fla. 4th DCA 1998)). Because we reverse the trial court’s modification of the alimony award, we must also reverse as to attorney’s fees. The trial court should reconsider attorney’s fees in light of the parties’ needs and ability to pay, setting forth findings supporting such a determination.
Reversed and remanded.
WHATLEY, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.

. It should be noted here that the $525 difference includes an increase in the Former Wife's mortgage payment. In addition to the Former Wife’s statement that "just utilities have gone up,” the financial affidavits showed an increase in her mortgage payment from $809 per month in 2005 to $1,184.24 per month in 2008 — a difference of $375.24 per month.

. We note that there is evidence in the record which indicates the Former Wife was aware at the time of dissolution that the Former Husband would receive an inheritance. At the modification proceedings the Former Wife agreed that at the time of the aunt's death in 2004, she knew there was an anticipation of a $3.5 million dollar inheritance for the Former Husband. Although that amount was highly inflated, the Former Wife had knowledge of a substantial inheritance, and the parties could have included a provision in the MSA reserving the right to revisit alimony award upon receipt of the contemplated inheritance.

. It is important to note here that the Bedell exception’s legal finding requirement should not be interpreted as encouraging parties to litigate. Florida has a longstanding policy of encouraging mediation and settlement of family law disputes. Griffith, 860 So.2d at 1073. We do not depart from that policy in this opinion. Instead, we encourage parties with unmet needs at the time of dissolution to include contractual provisions in the MSA which protect their interests. In addition, parties who enter into an MSA could petition the court to make a legal finding of unmet needs based on the parties’ financial affidavits.