NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SUSAN LEE MALOWNEY,                )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D17-2875
                                   )
JOHN RAPHAEL MALOWNEY,             )
                                   )
          Appellee.                )
_____    )

Opinion filed June 20, 2018.

Appeal from the Circuit Court for Pinellas
County; Keith Meyer, Judge.

Robert H. Nutter, Tampa, for Appellant.

John Malowney, pro se.


SALARIO, Judge.

          Susan Malowney, the former wife, appeals from an order denying her

petition for modification of a nominal alimony award contained in a final judgment of

dissolution.  The trial court denied the petition based on a magistrate's report and

recommendation finding that the alleged inability of the former wife's daughter and sister

to continue providing for her needs was not a substantial change in circumstances.  We

find no error with that.  However, the petition and the evidence presented at the hearing

raised additional facts that might constitute a substantial change in circumstances and

that do not appear to have been considered by the magistrate or the trial judge. We reverse and remand for the trial court to consider the former wife's additionally alleged bases for modification. See § 61.14(1)(a), Fla. Stat. (2016); see also Wolfe v. Wolfe, 953 So. 2d 632, 634-36 (Fla. 4th DCA 2007) (reversing order denying modification petition where the trial court failed to consider material allegations and facts asserted by the petitioner as constituting a substantial change in circumstances and recognizing "that all applicable section 61.08(2) factors in determining alimony must be considered in modification proceedings under section 61.14").

The additional circumstances the former wife presented included (1) her need to rent a place to live following the former husband's negotiation with lenders on the property where she was previously living at the time of the dissolution judgment, (2) an increase in her insurance costs subsequent to the dissolution judgment, and (3) the possibility that she is obligated to pay her sister either for past debts or as current rent. To qualify as grounds for a modification of alimony, these facts must amount to a substantial change in circumstances that was not contemplated at the time of the dissolution judgment and that "is sufficient, material, permanent, and involuntary." See Eisemann v. Eisemann, 5 So. 3d 760, 762 (Fla. 2d DCA 2009) (quoting Antepenko v. Antepenko, 824 So. 2d 214, 215 (Fla. 2d DCA 2002)). On remand, the trial court shall consider the petition for modification in light of these allegedly changed circumstances.[1]

---

[1]The final judgment awarded the former wife nominal alimony, thus conferring jurisdiction upon the trial court to modify that award in the event of a change in circumstances. See Schmidt v. Schmidt, 997 So. 2d 451, 454 (Fla. 2d DCA 2008). This record reflects that the former wife may well have received a greater than nominal award if a financial affidavit had been filed on her behalf or if other evidence of her financial need been presented during the original dissolution proceedings. We are not in a position to know the reasons for this lack of evidence, but it appears to be the

We express no opinion on the merits of these alleged grounds for modification; we hold only that the trial court needs to consider them.

Although we find no error in the trial court's order to the extent it concluded that the alleged inability of the former wife's daughter and sister to contribute to the former wife's financial needs was not a substantial change, we reverse and remand for the consideration of the additional allegations described in this opinion for which the trial court may hold any additional hearings and take evidence as necessary for such consideration. See Eiseman, 5 So. 3d at 764.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and KELLY, JJ., Concur.

---

reason why the initial alimony award was only nominal and to have contributed to a situation in which the former wife's financial needs are potentially unmet.